**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GERALD PLEAS,

    Plaintiff,

v.                                                                      CASE NO:  8:10-cv-2059-T-30TGW

MANATEE COUNTY, et al.,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 17) and Plaintiff's Response in opposition (Dkt. 18).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion to dismiss should be granted.

### **BACKGROUND**

Plaintiff, Gerald Pleas, sues Defendants, Manatee County, Sheriff Brad Steube, Deputy Patrick Johnson, Detective Sam Levita, and Deputy Jamie Wilder, in their individual and official capacities.  In addition, Plaintiff lists unknown officers at the Manatee County Jail in their official and individual capacities as defendants.

Plaintiff was charged with Attempted Sexual Battery and Burglary with a firearm and was incarcerated for 366 days.  He alleges that Defendants filed an unsubstantiated report in order to obtain an arrest warrant.  Plaintiff's trial in 2008 ended with a not guilty verdict, and

he claims that he is innocent of the crime. In the complaint, Plaintiff says that the Sheriff's Office breached a duty to him by relying on a confidential informant and an "unstable victim" in his arrest and that it could have been avoided "through proper training." He goes on to allege that he developed a skin virus due to a jail fungus and that he was denied medical assistance.

Plaintiff filed this complaint on September 17, 2010, alleging violations of 42 U.S.C. §§ 1983 and 1985. Specifically, Plaintiff brings claims for wrongful arrest and detention, negligence, and intentional infliction of emotional distress. Plaintiff also seeks a declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. Defendants now move to dismiss for failure to state a claim.

## DISCUSSION

Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought..." Fed. R. Civ. P. 8(a) (2007).

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief could be granted. In a complaint, factual allegations are accepted as true and viewed in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Legal conclusions

"must be supported by factual allegations." *Id*. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff's complaint fails to meet even the basic requirements of Federal Rule of Civil Procedure 8(a). There are no facts connecting any of the defendants to any of the allegations listed in the complaint. The complaint states legal conclusions without alleging necessary supporting facts. Thus, Plaintiff's claims against Defendants are dismissed without prejudice, except for Plaintiff's claims against Johnson, Levita, and Wilder in their official capacities, which are dismissed with prejudice for the reasons discussed below.

**PLAINTIFF'S CLAIM AGAINST DEFENDANTS JOHNSON, LEVITA, AND WILDER IN THEIR OFFICIAL CAPACITY**

Under 42 U.S.C. § 1983, an official sued in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690 n.55). So, suits against an official in an official capacity "should be treated as suits against the State." *See Kentucky*, 473 U.S. at 166. "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

Since the local government is being sued directly, there is no need to sue the employees of the government in their official capacity. Thus, the insufficient "claims" Plaintiff asserts against Johnson, Levita, and Wilder in their official capacities are dismissed with prejudice.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 17) is GRANTED.

2. Plaintiff's claims against Sheriff Brad Steube, Patrick Johnson, Sam Levita, and Jamie Wilder in their individual capacities are DISMISSED without prejudice.

3. Plaintiff's complaint against Sheriff Brad Steube in his official capacity is DISMISSED without prejudice.

4. Plaintiff's claims against Patrick Johnson, Sam Levita, and Jamie Wilder in their official capacities are DISMISSED with prejudice.

5. Plaintiff may amend his Complaint within 20 days to conform to the requirements of Federal Rule of Civil Procedure 8(a).

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2010\10-cv-2059.mtd 17.wpd