UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GERALD PLEAS,**

    **Plaintiff,**

v.                                                                   Case No.  8:10-cv-2059-T-30TGW

**MANATEE COUNTY, et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #40), and Plaintiff's Response (Dkt. #41). Upon reviewing the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be granted.

## BACKGROUND

On September 20, 2007, a man disguised as a UPS delivery person showed up at Vickie Lynn Carpenter's residence, purporting to have a package for delivery. After Carpenter opened the door to let him in, the armed man ordered her onto the floor and then proceeded to cut off her pants with a box cutter with the intent of raping her. When another individual knocked on Carpenter's front door, the assailant fled the residence on foot through another door, without further harming the victim.

After detectives arrived at the scene, they canvassed the area and identified a witness who placed Pleas in the vicinity a short time prior to the incident. A photographic line-up

was compiled, and the victim picked Pleas out of the line-up as the individual that assaulted her. Based upon this information, detectives obtained an arrest warrant and proceeded to arrest Pleas.

Pleas was charged with attempted sexual battery and burglary with a firearm, and was incarcerated for just under one year. Pleas' trial ended with a not guilty verdict, and he claims that he is innocent of the crime.

Plaintiff Pleas now sues Defendants Manatee County, Sheriff Brad Steube, Deputy Patrick Johnson, Detective Sam Levita, and Deputy Jamie Wilder, alleging that Defendants filed an unsubstantiated report in order to obtain an arrest warrant. Plaintiff says that the Sheriff's Office breached a duty to him by relying on a confidential informant and an "unstable victim" in his arrest and that Defendants could have avoided their mistakes "through proper education and training." Moreover, Pleas makes the conclusory assertion that "The Manatee County Sheriffs' office knew or should have known that the allegations made by Ms. Carpenter were false and based on racial discrimination...[and] that the confidential informant was an enemy of Mr. Pleas and would lie intentionally."

In addition, Pleas contends that he developed a skin virus due to a fungus that he contracted while incarcerated, and that his requests for medical assistance were "often left unanswered or answered in a tone that was unprofessional and harassing."

In his Second Amended Complaint, Plaintiff alleges violations of 42 U.S.C. §§ 1983, and 1986, and his 4th, 5th, 8th, and 14th Amendment constitutional rights. In addition, Plaintiff brings claims for "neglect to prevent" [his arrest] and the intentional infliction of

emotional distress and harassment. Plaintiff asks for damages of $34,100,000. Defendants now move to dismiss for failure to state a claim.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a 12(b)(6) motion, a Court must accept all factual allegations contained in the complaint as true, and view the facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "[c]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, while Plaintiff makes conclusory statements stating that Defendants are liable, he fails to plead sufficient facts showing that he is plausibly entitled to relief on any cognizable legal theory. As a result, it is appropriate to dismiss Plaintiff's Amended Complaint.

### I. Plaintiff's Claims for the Intentional Infliction of Emotional Distress and Harassment

Plaintiff contends that after he allegedly contracted a skin virus while incarcerated: "[h]e filed several complaints for medication, his forms were lost or misdirected and his complaints were often left unanswered or answered in a tone that was unprofessional and harassing." Plaintiff argues that such behavior subjects Defendants to liability for the intentional infliction of emotional distress and harassment

To state a claim for the intentional infliction of emotional distress in Florida, one must show that: "(1) the wrongdoer's conduct was intentional or reckless...(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Johnson v. State Dept. of Health and Rehabilitative Servs.,* 695 So.2d 927, 929 (Fla. 2nd DCA 1997) (quoting *Dominguez v. Equitable Life Assurance Soc'y,* 438 So.2d 58, 59 (Fla. 3rd DCA 1983)).

Here, although the Plaintiff has alleged that the complained-of conduct was intentional, he has failed to identify *who* the wrongdoer was. It is certainly unclear whether any of the individual Defendants were involved. Moreover, the conduct pled appears to fall well short of the "outrageous" conduct necessary to state a claim for the intentional infliction of emotional distress. In addition, Plaintiff fails to plead that he suffered severe emotional distress. As a result, Plaintiff has clearly failed to adequately state a claim for the intentional infliction of emotional distress. Nor has Plaintiff stated a valid claim for harassment, due to,

among other reasons, Plaintiff's failure to identify *who* engaged in the allegedly harassing conduct.

## II. Plaintiff's Other Claims

Plaintiff's other claims, based upon a variety of legal theories, are all premised upon his alleged wrongful arrest. According to Plaintiff, Defendants filed an unsubstantiated police report in order to obtain an arrest warrant, and thus lacked probable cause to arrest him.

Nonetheless, Plaintiff states that the detectives only arrested him after obtaining a judicial arrest warrant based upon the fact that: (1) a witness placed him near the scene of the crime; and (2) the victim identified him as her attacker. Taking these allegations as true, Plaintiff appears to have pleaded that Defendants had probable cause to arrest him. Such allegations hardly show that his constitutional, or other rights, were violated. Plaintiff no doubt believes that both the witness and the victim were either lying or mistaken in identifying Pleas; however, even if they were unreliable, this does nothing to show that the detectives and/or Manatee County acted inappropriately.

As a result, Plaintiff has failed to plead sufficient facts showing that Plaintiff's arrest plausibly subjects Defendants to liability. Plaintiff has certainly failed to plead facts plausibly showing that his arrest was wrongful, and/or negligent. Moreover, even if he had pled enough to show negligence, this Court notes that "negligent false arrest" is not a recognized claim in Florida. *See, e.g., Hernandez v. Metro-Dade Cnty.,* 992 F. Supp. 1365,

1369, n.4 (S.D. Fla. 1997); *Pokorny v. First Fed. Sav. & Loan Ass'n of Largo,* 382 So.2d 678, 683 (Fla. 1980).[1]

### III. Conclusion

Plaintiff's Second Amended Complaint brings essentially the same claims brought in his original Complaint, and in his First Amended Complaint. Despite his third try, Plaintiff has failed to state a valid cause of action upon which relief can be granted. As it appears that further amendment would be futile, the Court determines that it is appropriate to dismiss Plaintiff's Second Amended Complaint *with prejudice.*

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #40) is hereby granted. Plaintiff's Second Amended Complaint (Dkt. #39) is hereby dismissed with prejudice.

2. The Clerk is directed to terminate any pending motions as moot, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2059.mtd.40.frm

---

[1] Plaintiff's response consists of a fourteen-page jeremiad criticizing the stricter pleading standard instituted by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009). It appears that Plaintiff would like this Court to overturn these decisions; of course, this Court lacks the authority to overturn United States Supreme Court precedent.